# EXHIBIT A

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT
                                                          Other Civil
Brian James Jungclaus,

      Plaintiff,

vs.                                              Court File No.

Syngenta Corporation, Syngenta Seeds, Inc.,
Syngenta Biotechnology, Inc., and Syngenta
Crop Protection, L.L.C.                  **PLAINTIFF'S CIVIL COVER SHEET**

      Defendants.

---

     This civil cover sheet must be filed by the initial filing lawyer or party, if unrepresented by legal counsel, unless the court orders all parties or their legal counsel to complete this form. Once the initial civil cover sheet is filed, opposing lawyers or unrepresented parties who have not already been ordered to complete this form may submit their own cover sheet within ten days after being served with the initial cover sheet. *See* Rule 104 of the General Rules of Practice for the District Courts.

     **If information is not known to the filing party at the time of filing, it shall be provided to the Court Administrator in writing by the filing party within seven (7) days of learning the information.** Any party impleading additional parties shall provide the same information to the Court Administrator. The Court Administrator shall, upon receipt of the completed certificate, notify all parties or their lawyers, if represented by counsel, of the date of filing the action and the file number assigned.

Date case filed:

ATTORNEYS FOR PLAINTIFFS

     Yira Law Office, Ltd.
     Daniel M. Homolka, P.A.
     Watts Guerra LLP

     Note: If either Plaintiff or Defendant gets an attorney, the attorney's name, address, telephone number and attorney ID number must be given in writing to the Court Administrator immediately.

1.      *Provide a concise statement of the case including facts and legal basis:* The Syngenta Defendants released Agrisure VIPTERA™ and Agrisure DURACADE™ for use in the United States' market prior to obtaining approval for purchase or consumption of VIPTERA or DURACADE corn in China. The Syngenta Defendants knew this, but marketed and sold VIPTERA containing MIR162. The Syngenta Defendants' conduct was reckless, deceptive, and unlawful, was a public nuisance, was negligent, tortiously interfered with prospective economic advantage, and violated the Minnesota Uniform Deceptive Trade Practices Act. The actions of the Syngenta Defendants resulted in financial loss to the Plaintiff, including but not limited to a depression in corn prices, and damages in excess of $50,000.00.

2.      *Date Complaint was served:*

3.      *For Expedited Litigation Track (ELT) Pilot Courts only:*

      a. ☐ The parties jointly and voluntarily agree that this case shall be governed by the Special Rules for ELT Pilot.    Date of agreement:

      b. ☐ The court is requested to consider excluding this case from ELT for the following reasons:

Note: ELT is mandatory in certain cases, and where mandatory, exclusion may also be sought by timely motion under the Special Rules for ELT Pilot.

      c.  Anticipated number of trial witnesses:

      d.  Amount of medical expenses to date:

      e.  Amount of lost wages to date:

      f.  Identify any known subrogation interests:

4.      *Estimated discovery completion within **nine (9) months** from the date of this form.*

5.      *Disclosure / discovery of electronically stored information discussed with other party?*

      ☒No        ☐Yes,  date of discussion:

If Yes, list agreements, plans, and disputes:

6.      *Proposed trial start date:*     **January 2016**

7.      *Estimated trial time:*     **10 days**    (estimates less than a day must be stated in hours).

2

8.    *Jury trial is*:

    ☐ waived by consent of pursuant to Minn. R. Civ. P. 38.02. (specify party)

    ☒ requested by **Plaintiffs**   (NOTE: Applicable fee paid by Plaintiffs)

9.    *Physical/mental/blood examination pursuant to Minn. R. Civ. P. 35 is requested:*

    ☐ Yes   ☒ No

10.    *Identify any party or witness who will require interpreter services, and describe the services needed (specifying language, and if known, particular dialect):*    **None**

11.    *Issues in dispute:*    **Public Nuisance, Common Law Negligence, Tortious Interferance with Prospective Economic Advantage, Violation of Minnesota Uniform Deceptive Trade Practices Act.**

12.    *Case Type / Category:* (NOTE: select case type from Form 23, Subject Matter Index for Civil Cases, appended to the Minnesota Rules of Civil Procedure):   **Other Civil**

13.    *Recommended Alternative Dispute Resolution (ADR) mechanism* (See list of ADR processes set forth in Minn. Gen. R. Prac. 114.02(a)):   **Mediation**

    Recommended ADR provider (known as a "neutral"):  **Hon. Bruce Christopherson; Kim Pennington**

    Recommended ADR completion date: **November 1, 2015.**

    If applicable, reasons why ADR is not appropriate for this case:

        By signing below, the attorney or party submitting this form certifies that the above information is true and correct.

Dated:   *1-12-15*

YIRA LAW OFFICE, LTD.

BY: _____
    Markus C. Yira, I.D. 0271469
102 Main St. S, Suite 201
P.O. Box 518
Hutchinson, MN 55350
Telephone:  (320) 587-0305
Facsimile: (320) 587-0557

3

ON BEHALF OF:

Daniel M. Homolka (#136505)
Daniel M. Homolka, P.A.
6400 Timber Ridge
Minneapolis, MN 55439
Telephone:   (612) 341-2433
Facsimile:   (612) 341-2423

Mikal Watts
(Pending admission *Pro Hac Vice*)
Watts Guerra LLP
4 Dominion Drive
Bldg. 3, Ste. 100
San Antonio, Texas 78257
Telephone:   (210) 447-0500
Facsimile:   (210) 447-0501

Attorneys for Plaintiff

4

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT
                                                            Other Civil
Brian James Jungclaus,

            Plaintiff,

vs.                                                 Court File No.

Syngenta Corporation, Syngenta Seeds, Inc.,
Syngenta Biotechnology, Inc., and Syngenta
Crop Protection, L.L.C.                      **PLAINTIFF'S CIVIL COVER SHEET**

            Defendants.

---

        This civil cover sheet must be filed by the initial filing lawyer or party, if unrepresented
by legal counsel, unless the court orders all parties or their legal counsel to complete this form.
Once the initial civil cover sheet is filed, opposing lawyers or unrepresented parties who have not
already been ordered to complete this form may submit their own cover sheet within ten days
after being served with the initial cover sheet. *See* Rule 104 of the General Rules of Practice for
the District Courts.

        **If information is not known to the filing party at the time of filing, it shall be
provided to the Court Administrator in writing by the filing party within seven (7) days of
learning the information.** Any party impleading additional parties shall provide the same
information to the Court Administrator. The Court Administrator shall, upon receipt of the
completed certificate, notify all parties or their lawyers, if represented by counsel, of the date of
filing the action and the file number assigned.


Date case filed:


ATTORNEYS FOR PLAINTIFFS

        Yira Law Office, Ltd.
        Daniel M. Homolka, P.A.
        Watts Guerra LLP

        Note: If either Plaintiff or Defendant gets an attorney, the attorney's name, address,
telephone number and attorney ID number must be given in writing to the Court Administrator
immediately.

1

1.    *Provide a concise statement of the case including facts and legal basis:* The Syngenta Defendants released Agrisure VIPTERA™ and Agrisure DURACADE™ for use in the United States' market prior to obtaining approval for purchase or consumption of VIPTERA or DURACADE corn in China. The Syngenta Defendants knew this, but marketed and sold VIPTERA containing MIR162. The Syngenta Defendants' conduct was reckless, deceptive, and unlawful, was a public nuisance, was negligent, tortiously interfered with prospective economic advantage, and violated the Minnesota Uniform Deceptive Trade Practices Act. The actions of the Syngenta Defendants resulted in financial loss to the Plaintiff, including but not limited to a depression in corn prices, and damages in excess of $50,000.00.

2.    *Date Complaint was served:*

3.    *For Expedited Litigation Track (ELT) Pilot Courts only:*

    a. ☐ The parties jointly and voluntarily agree that this case shall be governed by the Special Rules for ELT Pilot.    Date of agreement:

    b. ☐ The court is requested to consider excluding this case from ELT for the following reasons:

Note: ELT is mandatory in certain cases, and where mandatory, exclusion may also be sought by timely motion under the Special Rules for ELT Pilot.

    c. Anticipated number of trial witnesses:

    d. Amount of medical expenses to date:

    e. Amount of lost wages to date:

    f. Identify any known subrogation interests:

4.    *Estimated discovery completion within **nine (9)** months from the date of this form.*

5.    *Disclosure / discovery of electronically stored information discussed with other party?*

    ☒No      ☐Yes, date of discussion:

If Yes, list agreements, plans, and disputes:

6.    *Proposed trial start date:*      **January 2016**

7.    *Estimated trial time:*    **10 days**    (estimates less than a day must be stated in hours).

8.    *Jury trial is:*

☐ waived by consent of pursuant to Minn. R. Civ. P. 38.02. (specify party)

☒ requested by **Plaintiffs**   (NOTE: Applicable fee paid by Plaintiffs)

9.    *Physical/mental/blood examination pursuant to Minn. R. Civ. P. 35 is requested:*

☐ Yes   ☒ No

10.   *Identify any party or witness who will require interpreter services, and describe the services needed (specifying language, and if known, particular dialect):*   **None**

11.   *Issues in dispute:*   **Public Nuisance, Common Law Negligence, Tortious Interferance with Prospective Economic Advantage, Violation of Minnesota Uniform Deceptive Trade Practices Act.**

12.   *Case Type / Category:* (NOTE: select case type from Form 23, Subject Matter Index for Civil Cases, appended to the Minnesota Rules of Civil Procedure):   **Other Civil**

13.   *Recommended Alternative Dispute Resolution (ADR) mechanism* (See list of ADR processes set forth in Minn. Gen. R. Prac. 114.02(a)):   **Mediation**

Recommended ADR provider (known as a "neutral"):   **Hon. Bruce Christopherson; Kim Pennington**

Recommended ADR completion date:   **November 1, 2015.**

If applicable, reasons why ADR is not appropriate for this case:

By signing below, the attorney or party submitting this form certifies that the above information is true and correct.

Dated:   *1-12-15*

YIRA LAW OFFICE, LTD.

BY: _____
     Markus C. Yira, I.D. 0271469
102 Main St. S, Suite 201
P.O. Box 518
Hutchinson, MN 55350
Telephone: (320) 587-0305
Facsimile: (320) 587-0557

3

ON BEHALF OF:

Daniel M. Homolka (#136505)
Daniel M. Homolka, P.A.
6400 Timber Ridge
Minneapolis, MN 55439
Telephone:   (612) 341-2433
Facsimile:   (612) 341-2423

Mikal Watts
(Pending admission *Pro Hac Vice*)
Watts Guerra LLP
4 Dominion Drive
Bldg. 3, Ste. 100
San Antonio, Texas 78257
Telephone:   (210) 447-0500
Facsimile:   (210) 447-0501

Attorneys for Plaintiff

4

STATE OF MINNESOTA                                         DISTRICT COURT

COUNTY OF HENNEPIN                               FOURTH JUDICIAL DISTRICT
                                                                              Other Civil
Brian James Jungclaus,

                    Plaintiff,

vs.                                                         Court File No.

Syngenta Corporation, Syngenta Seeds, Inc.,
Syngenta Biotechnology, Inc., and Syngenta
Crop Protection, L.L.C.                           **PLAINTIFF'S CIVIL COVER SHEET**

                    Defendants.

---

        This civil cover sheet must be filed by the initial filing lawyer or party, if unrepresented
by legal counsel, unless the court orders all parties or their legal counsel to complete this form.
Once the initial civil cover sheet is filed, opposing lawyers or unrepresented parties who have not
already been ordered to complete this form may submit their own cover sheet within ten days
after being served with the initial cover sheet. *See* Rule 104 of the General Rules of Practice for
the District Courts.

        **If information is not known to the filing party at the time of filing, it shall be
provided to the Court Administrator in writing by the filing party within seven (7) days of
learning the information.** Any party impleading additional parties shall provide the same
information to the Court Administrator. The Court Administrator shall, upon receipt of the
completed certificate, notify all parties or their lawyers, if represented by counsel, of the date of
filing the action and the file number assigned.


Date case filed:


ATTORNEYS FOR PLAINTIFFS

        Yira Law Office, Ltd.
        Daniel M. Homolka, P.A.
        Watts Guerra LLP

        Note: If either Plaintiff or Defendant gets an attorney, the attorney's name, address,
telephone number and attorney ID number must be given in writing to the Court Administrator
immediately.

1

1.    *Provide a concise statement of the case including facts and legal basis:* The Syngenta Defendants released Agrisure VIPTERA™ and Agrisure DURACADE™ for use in the United States' market prior to obtaining approval for purchase or consumption of VIPTERA or DURACADE corn in China. The Syngenta Defendants knew this, but marketed and sold VIPTERA containing MIR162. The Syngenta Defendants' conduct was reckless, deceptive, and unlawful, was a public nuisance, was negligent, tortiously interfered with prospective economic advantage, and violated the Minnesota Uniform Deceptive Trade Practices Act. The actions of the Syngenta Defendants resulted in financial loss to the Plaintiff, including but not limited to a depression in corn prices, and damages in excess of $50,000.00.

2.    *Date Complaint was served*:

3.    *For Expedited Litigation Track (ELT) Pilot Courts only*:

    a. ☐ The parties jointly and voluntarily agree that this case shall be governed by the Special Rules for ELT Pilot.    Date of agreement:

    b. ☐ The court is requested to consider excluding this case from ELT for the following reasons:

Note: ELT is mandatory in certain cases, and where mandatory, exclusion may also be sought by timely motion under the Special Rules for ELT Pilot.

    c.  Anticipated number of trial witnesses:

    d.  Amount of medical expenses to date:

    e.  Amount of lost wages to date:

    f.  Identify any known subrogation interests:

4.    *Estimated discovery completion within* **nine (9)** *months from the date of this form*.

5.    *Disclosure / discovery of electronically stored information discussed with other party?*

    ☒No     ☐Yes, date of discussion:

If Yes, list agreements, plans, and disputes:

6.    *Proposed trial start date:*    **January 2016**

7.    *Estimated trial time*:    **10 days**   (estimates less than a day must be stated in hours).

8. *Jury trial is*:

    ☐ waived by consent of pursuant to Minn. R. Civ. P. 38.02. (specify party)

    ☒ requested by **Plaintiffs**  (NOTE: Applicable fee paid by Plaintiffs)

9. *Physical/mental/blood examination pursuant to Minn. R. Civ. P. 35 is requested:*

    ☐ Yes  ☒ No

10. *Identify any party or witness who will require interpreter services, and describe the services needed (specifying language, and if known, particular dialect):*  **None**

11. *Issues in dispute:*  **Public Nuisance, Common Law Negligence, Tortious Interferance with Prospective Economic Advantage, Violation of Minnesota Uniform Deceptive Trade Practices Act.**

12. *Case Type / Category:* (NOTE: select case type from Form 23, Subject Matter Index for Civil Cases, appended to the Minnesota Rules of Civil Procedure):  **Other Civil**

13. *Recommended Alternative Dispute Resolution (ADR) mechanism* (See list of ADR processes set forth in Minn. Gen. R. Prac. 114.02(a)):  **Mediation**

    Recommended ADR provider (known as a "neutral"):  **Hon. Bruce Christopherson; Kim Pennington**

    Recommended ADR completion date:  **November 1, 2015.**

    If applicable, reasons why ADR is not appropriate for this case:

    By signing below, the attorney or party submitting this form certifies that the above information is true and correct.

Dated: _1-12-15_

YIRA LAW OFFICE, LTD.

BY: _____
    Markus C. Yira, I.D. 0271469
102 Main St. S, Suite 201
P.O. Box 518
Hutchinson, MN 55350
Telephone:  (320) 587-0305
Facsimile: (320) 587-0557

ON BEHALF OF:

Daniel M. Homolka (#136505)
Daniel M. Homolka, P.A.
6400 Timber Ridge
Minneapolis, MN 55439
Telephone:  (612) 341-2433
Facsimile:   (612) 341-2423

Mikal Watts
(Pending admission *Pro Hac Vice*)
Watts Guerra LLP
4 Dominion Drive
Bldg. 3, Ste. 100
San Antonio, Texas 78257
Telephone:  (210) 447-0500
Facsimile:   (210) 447-0501

Attorneys for Plaintiff

4

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

|  |  |
|---|---|
| Brian James Jungclaus,<br><br>            Plaintiff,<br><br>vs.<br><br>Syngenta Corporation, Syngenta Seeds, Inc.,<br>Syngenta Biotechnology, Inc., and Syngenta<br>Crop Protection, L.L.C.<br><br>            Defendants. | Case Type: Other Civil<br>Court File No: _____<br>Judge: _____<br><br><br>**COMPLAINT** |

Plaintiff Brian James Jungclaus, (hereinafter collectively known as "Plaintiff"), through its undersigned attorneys, brings this action against Defendants Syngenta Corporation, Syngenta Seeds, Inc., Syngenta Biotechnology, Inc., and Syngenta Crop Protection, L.L.C., (collectively "Defendants" or "Syngenta") and alleges as follows:

## FACTS

1.      Plaintiff owns and or operates a farm growing and producing corn located in McLeod County, Minnesota.

2.      Syngenta is a major agribusiness conglomerate with its principal place of business in Minnetonka, Minnesota. Syngenta is in the commercial seed business and develops, produces, sells, and distributes, through dealers or directly to individual growers, agricultural products throughout the United States. Syngenta is a leading producer of genetically-modified corn seed.

3.      Syngenta has produced a genetic trait called MIR162, which is used in its products Agrisure VIPTERA™ and Agrisure DURACADE™. The MIR162 trait was created to produce a protein that results in insect resistance. In 2010, Syngenta began selling MIR162 under

the Agrisure VIPTERA™ ("Viptera") trademark within the United States. Agrisure DURACADE™ is Syngenta's second-generation product utilizing the MIR162 trait in corn and was released, sold, and distributed for planting in 2014.

4.     A substantial portion of the United States corn crop, including, on information and belief, corn produced by Plaintiff, is exported. China is a major destination for corn exported from the United States.

5.     The United States corn market is commodity-based, in that corn grown by farmers, including Plaintiff, is harvested, gathered, commingled, and subsequently shipped through local, regional, and terminal distribution centers. As a result, when corn of substandard quality or that is unapproved for export is commingled with other corn, export partners may reject entire shipments as a result of this commingling.

6.     Syngenta released Agrisure VIPTERA™ and Agrisure DURACADE™ for use in the United States' market prior to obtaining approval for purchase or consumption of VIPTERA or DURACADE corn in China. Syngenta knew this, but marketed and sold VIPTERA containing MIR162. Syngenta's conduct was reckless, deceptive, and unlawful and resulted in financial loss to the Plaintiff, including but not limited to a depression in corn prices.

7.     Syngenta's release of Agrisure VIPTERA™ prior to obtaining approval for the purchase or consumption of VIPTERA corn in China has resulted in significant decreases in United States corn sales to China, and a decrease in the price of corn.

8.     Due to Syngenta's conduct described and complained of herein, Plaintiff has incurred losses, damage, and injury resulting from the rejection of United States grown corn by export markets. Due to Syngenta's release of Agrisure VIPTERA™, Plaintiff has incurred, and

will continue to incur, substantial losses arising from the loss of export markets and price depressions, in amounts that have yet to be fully determined, but which exceed $50,000.

9.    Plaintiff has been damaged by: (1) Syngenta's premature release of VIPTERA corn into the United States corn and seed supply, resulting in the reduction and/or prevention of United States corn into China and causing a depression in corn prices; (2) Syngenta's premature release of DURACADE corn into the United States corn and seed supply, resulting in the reduction and/or prevention of United States corn into China and caused a depression in corn prices; (3) Syngenta's failure to disclose material facts regarding MIR162 being not approved for purchase or consumption in China; and (4) Syngenta's premature release of VIPTERA and DURACADE corn into the United States corn and seed market, resulting in the commingling of MIR162 corn with Plaintiff's non-MIR162 corn in grain elevators, terminals, rail cars, barges, ships, and other means of storage and/or transport. But for the conduct of Syngenta complained of herein, these losses would not have been incurred by Plaintiff.

## PARTIES

10.    Plaintiff Brian James Jungclaus owns and or operates a farm located in McLeod County, Minnesota. Plaintiff is engaged in the business of planting, growing, harvesting, and/or selling corn.

11.    Despite Plaintiff's use of non-GMO seed, Plaintiff has suffered damage as a result of Defendants' actions because the price Plaintiff has received for corn produced by Plaintiff has dropped significantly, causing the damages sought by Plaintiff herein.

12.    Defendant Syngenta Corporation is a Delaware Corporation with a principal place of business at 3411 Silverside Road #100, Wilmington, Delaware 19810-4812 and may be

3

served through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

13.    Defendant Syngenta Crop Protection, LLC is a limited liability company organized and operating under the laws of the State of Delaware with its principal place of business at 410 South Swing Road, Greensboro, North Carolina 27409-2012. Syngenta Crop Protection, LLC may be served through its registered agent, CT Corporation System Inc., 100 S. 5th Street, Suite 1075, Minneapolis, Minnesota 55402.

14.    Defendant Syngenta Seeds, Inc. is a Delaware corporation with its principal place of business at 11055 Wayzata Boulevard, Minnetonka, Minnesota 55305-1526 and may be served through its registered agent, CT Corporation System Inc., 100 S. 5th Street, Suite 1075, Minneapolis, Minnesota 55402.

15.    Defendant Syngenta Biotechnology, Inc., is a Delaware corporation with its principal place of business at 3054 Cornwallis Road, Research Triangle Park, NC 27709-2257 and may be served through its registered agent, CT Corporation System Inc., 100 S. 5th Street, Suite 1075, Minneapolis, Minnesota 55402.

16.    Upon information and belief the acts of Defendants were conducted in concert pursuant to an agreement amongst themselves to act in a collective manner. Therefore, all Defendants are jointly and severally liable for the acts complained herein.

## CAUSES OF ACTION

### COUNT I
### PUBLIC NUISANCE

17.    Plaintiff incorporates by reference all of the above-stated paragraphs as though fully set forth herein.

4

18.     Through the above-alleged conduct, Syngenta has created a public nuisance by causing the systematic and widespread contamination of the United States corn supply with the MIR162 trait through its premature release of Agrisure VIPTERA™ and Agrisure DURACADE™.

19.     This conduct has resulted in an unreasonable interference on the community at large and on a diverse number of persons and entities. This unreasonable interference arises from Syngenta's testing, growing, storing, transporting, selling, disposing, or otherwise disseminating VIPTERA corn: (1) without adequate precautions to prevent contamination of the U.S. corn and corn seed supplies; (2) with the knowledge that VIPTERA corn would contaminate other non-genetically modified corn; (3) with the knowledge that such contamination would likely affect the United States corn and corn seed supply; or (4) with the knowledge that there was a substantial risk of contamination of the United States corn and corn seek supply earmarked for export.

20.     Syngenta's conduct has unreasonably interfered with the public's right to expect that the corn sold to the general public is free from contamination with VIPTERA corn and the public's right to be notified that the corn sold to the public is contaminated or otherwise commingled with genetically-modified corn to permit the public the ability to choose to purchase and consume non-contaminated corn.

21.     This interference is unreasonable in that it involves a significant interference with the public health, public safety, or public welfare.

22.     Plaintiff has suffered harm as a result of Syngenta's conduct that is distinct from and different than the harm suffered by the general public. Plaintiff's damages are in excess of

$50,000 and include, but are not limited to, depressed prices for the sale of corn produced by Plaintiff.

23.     Syngenta's conduct constitutes an unreasonable and substantial interference with the rights of the general public, has restricted demand for certain products and services within major export markets, and depressed the prices for corn in all markets.

24.     Syngenta knew or should have known that their conduct would naturally or probably result in injuries to Plaintiff, but regardless continued with its conduct in reckless disregard or conscious indifference to those consequences.

25.     As a direct and proximate result of the foregoing, Plaintiff has been injured and suffered financial loss in excess of $50,000 for which damages and other relief as may be available at law or equity is warranted.

## COUNT II
## COMMON LAW NEGLIGENCE

26.     Plaintiff incorporates by reference all of the above-stated paragraphs as though fully set forth herein.

27.     Syngenta had a duty to utilize its professional expertise and exercise that degree of skill and learning ordinarily used under the same or similar business by a person or entity in Syngenta's business in testing, growing, storing, transporting, selling, disposing, or otherwise circulating VIPTERA corn.

28.     Syngenta breached this duty by failing to exercise the required degree of care in testing, growing, storing, transporting, selling, disposing, or otherwise circulating VIPTERA corn in a manner to prevent it from contaminating the United States corn supply.

29.     The damages incurred by Plaintiff were or should have been foreseeable to Syngenta.

30.     Plaintiff was damaged by Syngenta's conduct, including but not limited to the depressed prices for sale of Plaintiff's corn.

31.     Syngenta's breaches are a direct and proximate cause of the injuries and damages suffered by Plaintiff in an amount not yet fully determined, but in excess of $50,000. Plaintiff is entitled to recover damages and other relief as available at law or equity as a direct and proximate result of Syngenta's conduct.

## COUNT III
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

32.     Plaintiff incorporates by reference all of the above-stated paragraphs as though fully set forth herein.

33.     Plaintiff had a business relationship with various grain elevators, co-ops, and supply companies whereby Plaintiff would sell the corn he produced to such companies. This business relationship was recorded by invoices, receipts, and other documents demonstrating the consistent course of sales.

34.     Plaintiff had a reasonable expectation of economic gain as a result of these relationships, and Plaintiff reasonably expected to continue selling corn from his farm to such companies in the future.

35.     Syngenta knew that Plaintiff and other farmers had business relationships with grain elevators, co-ops, and supply companies in the chain of crop export and sales. Syngenta knew that Plaintiff and other farmers expected such business relationships to continue in the future.

36.     Despite such knowledge, Syngenta made representations that deceived farmers and other consumers regarding whether grain elevators, co-ops, and other supply companies

would accept genetically-modified VIPTERA and DURACADE corn or corn commingled with such genetically-modified corn.

37.     Syngenta interfered with these prospective future business relationships by prematurely releasing VIPTERA and DURACADE corn into the United States market, knowing that it would lead to contamination of all United States corn shipments. This conduct prevented United States corn from being sold to certain export markets, including China, which had not granted approval for purchase or consumption of VIPTERA or DURACADE corn.

38.     Syngenta's conduct thus prevented the export of United States corn to China, causing depressed prices for corn producers in the United States, including Plaintiff. As a result, Plaintiff is unable to sell corn to grain elevators, co-ops, and supply companies at the price he reasonably expected to receive and would have received but for Syngenta's conduct. Therefore, Plaintiff has been proximately damaged as a result of Syngenta's interference.

39.     Plaintiff was damaged by Syngenta's conduct, including but not limited to the depressed prices for sale of Plaintiff's corn.

40.     As a direct and proximate result of Syngenta's conduct, Plaintiff has been injured and suffered financial loss in excess of $50,000 for which damages and other relief as may be available at law or equity is warranted.

## COUNT IV
## VIOLATION OF MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT

41.     Plaintiff incorporates by reference all of the above-stated paragraphs as though fully set forth therein.

42.     The Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43 *et seq.*, provides in pertinent part:

**Subdivision 1. Acts constituting.** A person engages in a deceptive trade practice when, in the course of business, vocation, or occupation, the person:

. . .

(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(3) causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another;

. . .

(5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have;

43.     Syngenta has used in commerce false or misleading descriptions of fact and/or false or misleading representations of fact, which were likely and/or did cause confusion or mistake. These misleading descriptions and/or representations related to VIPTERA'S approval or imminent approval for import into China.

44.     Syngenta's false or misleading descriptions of fact and/or false or misleading representations of fact, caused, and/or were likely to cause, customer confusion regarding the approval of the products from foreign regulatory authorities, including the Chinese government.

45.     Plaintiff has and continues to be damaged by Syngenta's conduct.

46.     Plaintiff's damages were proximately caused by Syngenta's conduct.

47.     As a direct and proximate result of the foregoing, Plaintiff has been injured and suffered financial loss in excess of $50,000 for which damages and other relief as may be available at law or equity is warranted.

48.     Because Syngenta's actions have been committed willfully, maliciously, and intentionally, Plaintiff is entitled to recover costs and reasonable attorneys' fees pursuant to Minn. Stat. § 325D.45.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays and respectfully requests recovery from Defendants, jointly and severally, compensatory damages, together with appropriate equitable relief, costs, and attorneys' fees as follows:

A.   Entry of judgment finding:

    a.   Syngenta's release of VIPTERA corn constitutes a public nuisance;

    b.   Syngenta's release of VIPTERA corn was negligent;

    c.   Syngenta tortiously interfered with Plaintiff's prospective economic advantage by releasing MIR162 corn into the U.S. market; and

    d.   Syngenta engaged in a deceptive trade practice under the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44.

B.   Awarding monetary damages including compensatory relief to which Plaintiff is entitled at the time of trial, but in an amount exceeding $50,000.

C.   Prejudgment interest;

D.   The costs of this action;

E.   Reasonable attorneys' fees under Minn. Stat. § 325D.45, subd. 2.

F.   All such other and further relief as may be available at law or equity and may be proper in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

## ACKNOWLEDGMENT

Plaintiff hereby acknowledges that sanctions may be imposed under the circumstances set forth in Minn. Stat. § 549.211.

Dated: _1-12-15_

YIRA LAW OFFICE, LTD.

BY: _____
   Markus C. Yira, I.D. 0271469
   Attorneys for Plaintiff
   102 Main St. S, Suite 201
   P.O. Box 518
   Hutchinson, MN 55350
   Telephone: (320) 587-0305
   Facsimile: (320) 587-0557


ON BEHALF OF:

Daniel M. Homolka (#136505)
Daniel M. Homolka, P.A.
6400 Timber Ridge
Minneapolis, MN 55439
Telephone: (612) 341-2433
Facsimile: (612) 341-2423

Mikal Watts
(Pending admission *Pro Hac Vice*)
Watts Guerra LLP
4 Dominion Drive
Bldg. 3, Ste. 100
San Antonio, Texas 78257
Telephone: (210) 447-0500
Facsimile: (210) 447-0501

Attorneys for Plaintiff

1401196.docx

11